IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CASEY RAY TILLER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SGT. SELLERS, ET AL.,<br><br>　　　　Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 5:21-CV-00078-RWS-JBB |

## ORDER

Plaintiff Casey Ray Tiller, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. The named Defendants are Sgt. Christopher Sellers, Lt. Dequan Wilson and two unidentified individuals. Of these Defendants, only Sgt. Sellers has answered the lawsuit; Lt. Wilson is no longer employed by TDCJ and has not been served with process.

Plaintiff complains of an incident on March 18, 2020, in which he was placed in a holding cell with no restroom or running water and left there for approximately 28 hours, during which time he was only fed once. Docket No. 1 at 3-4. In listing the Defendants in his lawsuit, Plaintiff complained that he was left "in a holding cage for 28 hours without food or bathroom, 3 shifts," but did not specifically name Sgt. Sellers or explain Sgt. Sellers involvement in the body of his complaint or his grievance. *Id.*

Sgt. Sellers filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies because he did not follow his grievance with a Step Two appeal.

Docket No. 17 at 5-6. Plaintiff filed a response stating that he filed a grievance which was substantiated, and so he had nothing to appeal. Docket No. 18 at 2.

After review of the record, the Magistrate Judge issued a Report recommending that Sgt. Sellers's motion for summary judgment be granted. Docket No. 25 at 9. The Magistrate Judge observed that in exhausting administrative remedies, prisoners must comply with the deadlines and procedural rules of the grievance process. *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 89-95 (2006)). The Texas Department of Criminal Justice ("TDCJ") grievance procedure mandates that only one issue per grievance may be presented. *Randle v. Woods*, 299 F.App'x 466 (5th Cir. 2008); *TDCJ Offender Orientation Handbook* at 74 (2017).

In this case, the Magistrate Judge set out the complete text of Plaintiff's grievance and stated that this grievance presented two issues, contrary to prison rules: (1) he was threatened with violence and was in danger, and (2) he was placed in the holding cage for what he described in the grievance as "almost 20 hours." Docket No. 25 at 6. The response to the grievance said that the unit classification committee found that his allegations of threats of violence was substantiated, and a housing change was recommended. *Id.* The grievance investigation worksheet, emails between prison officials and a report from the Telford Unit Classification Committee all indicate that the committee substantiated Plaintiff's claims of threats against him; none of these documents made any mention of the second issue raised in the grievance, Plaintiff's complaint of being placed in the holding cage. *Id.* Plaintiff did not appeal this grievance to Step Two. Because Plaintiff did not present his claim concerning placement in the holding cage in a procedurally proper manner and did not appeal this claim to Step Two, the Magistrate Judge reasoned that Plaintiff failed to exhaust his administrative remedies on this claim.

The Magistrate Judge further concluded that because the evidence showed that Plaintiff failed to exhaust his administrative remedies, this defense would operate to Lt. Wilson's benefit even though Lt. Wilson did not join in the motion for summary judgment. Docket No. 25 at 7 (citing *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001)).

In his objections to the Magistrate Judge's Report, Plaintiff insists that "the grievance which was reviewed and substantiated had nothing to do with threats of violence." Docket No. 27 at 2. Instead, he says that his claim of placement in the holding cage was substantiated through prison officials' review of surveillance video. *Id.* As the Magistrate Judge observed, however, the response to the grievance and the grievance investigation worksheet make clear that the substantiated allegation in Plaintiff's grievance involved the threats against Plaintiff and not his placement in the holding cage, and there is no mention of review of a video. The Magistrate Judge also correctly stated that in filing a grievance raising multiple issues, Plaintiff did not present his complaint in a procedurally proper manner, and that Plaintiff failed to appeal his unresolved claim of placement in a holding cage to the Step Two level. The Magistrate Judge properly determined that Plaintiff failed to exhaust his administrative remedies.

While Plaintiff contends that Lt. Wilson "chose not to answer summary judgment and should by law be in default judgment by failing to answer a court order," the docket shows that Lt. Wilson was never served with process in the case and thus cannot be assessed a default judgment. *Rogers v. Hartford Life and Acc. Inc. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). In any event, the Magistrate Judge correctly determined that because the summary judgment evidence showed that Plaintiff failed to exhaust his administrative remedies, Sgt. Sellers' motion for summary judgment on the issue of exhaustion would inure to the benefit of the non-moving Defendants, too. *Lewis*, 236 F.3d at 768; *Blake v. McCormick*, No. 5:06-cv-00273, 2007 WL 1671732, at *5-6 (E.D. Tex.

2007) (explaining that summary judgment can be granted in favor of all defendants, even those not served or those that fail to join the motion for summary judgment, where summary judgment evidence shows plaintiff failed to exhaust administrative remedies).  Accordingly, Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected.  *See* 28 U.S.C. § 636(b)(1) (limiting District Judge to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made").  Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit.  It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 25) is **ADOPTED** as the opinion of the District Court.  It is further

**ORDERED** that the Defendant's motion for summary judgment (Docket No. 17) is **GRANTED** and the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.  It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So ORDERED and SIGNED this 23rd day of September, 2022.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE